UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.S., a minor, by her Mother and Natural Guardian, M.S.,<br><br>    Plaintiff,<br><br>    v.<br><br>LANDOWNERS OF OAKLAND AIRPORT HOTEL, LTD., et al.,<br><br>    Defendants. | Case No. 25-cv-00698-AMO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br>Re: Dkt. No. 37 |

Plaintiff P.S. is a minor and alleged child sex trafficking survivor. M.S. is her adult mother. Plaintiff moves the Court to allow M.S. to proceed anonymously in pretrial proceedings. *See* ECF 37 at 2-3. Plaintiff has conferred with Defendant 150 Hegenberger Capital LLC, and represents that Defendant does not oppose this motion. *Id.* at 2. Moreover, the deadline for any opposition has passed and none was filed. Now, having carefully considered Plaintiff's motion and the arguments made therein, as well as the relevant legal authority, the Court hereby **GRANTS** the motion for the following reasons.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "name all the parties"). However, a party may proceed anonymously when "special circumstances justify secrecy," such as where "nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment' " and the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*,

1  214 F.3d at 1067-68 (citation omitted).  The Ninth Circuit has identified three circumstances
2  where this may be the case: (1) "when identification creates a risk of retaliatory physical or mental
3  harm"; (2) when anonymity is necessary to "preserve privacy in a matter of sensitive and highly
4  personal nature"; and (3) when the anonymous party is "compelled to admit his or her intention to
5  engage in illegal conduct, thereby risking criminal prosecution."  *Id.* (citations omitted).  District
6  courts have broad discretion to determine whether a plaintiff may proceed anonymously.
7  *Advanced Textile Corp.*, 214 F.3d at 1068-69; *Kamehameha Schools*, 596 F.3d at 1045-46.

8  P.S. has established adequate grounds for granting her request to allow M.S. to proceed
9  anonymously.  Because P.S. and M.S. share the same last name, Plaintiff argues that P.S.'s
10 identity would be easily determined if M.S.'s name were public.  Mot. at 2.  Plaintiff further
11 argues that the identification of either one of them would risk retaliation from the alleged
12 trafficker, and because the allegations involve the sex trafficking of a child, P.S. is entitled to the
13 Court's protection from harm, harassment, ridicule, and embarrassment.  Mot. at 2; *J.M. v.*
14 *Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2025 WL 524647, at *2 (N.D. Cal. Feb.
15 18, 2025) (granting motion to proceed under pseudonym of a plaintiff whose child was a sex
16 trafficking victim because disclosure of the plaintiff's name "in connection with details about the
17 victimization of her daughter could subject Plaintiff to ridicule or personal embarrassment").  The
18 Court finds these circumstances justify M.S. proceeding anonymously.  Further, Defendant will
19 not be prejudiced as Plaintiff does not seek to keep M.S.'s identity from them.

20 Finally, the public's interest in the case can be served without revealing M.S.'s identity.
21 Allowing M.S. to proceed anonymously will not bar public scrutiny of the key issues in this case,
22 *see Advanced Textile Corp.*, 214 F.3d at 1072, and is therefore appropriate here.  *See Doe #1 v.*
23 *Palo Alto Unified Sch. Dist.*, No. 25-CV-02120-EKL, 2025 WL 1900329, at *2 (N.D. Cal. May 8,
24 2025) (finding plaintiff's need for anonymity outweighed risk of prejudice to defendants and the
25 public interest and allowing both plaintiff – a sexual harassment and assault victim – and her
26 mother to proceed anonymously).

27 //
28 //

Because M.S.'s anonymity from the public will not prejudice Defendant and the need to proceed anonymously outweighs the public's interest in knowing her identity, *Advanced Textile Corp.*, 214 F.3d at 1068, Plaintiff's motion to proceed anonymously is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 12, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3