UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

P.S., A MINOR, et al.,

Plaintiffs,

v.

LANDOWNERS OF OAKLAND
AIRPORT HOTEL, LTD., et al.,

Defendants.

Case No. 25-cv-00698-AMO

**ORDER DENYING MOTION TO
AMEND CASE SCHEDULE AND FOR
LEAVE TO FILE A THIRD-PARTY
COMPLAINT**

Re: Dkt. No. 48

This case involves claims of sex trafficking in violation of the Traffic Victims Protection Reauthorization Act ("TVPRA"). Before the Court is Defendant 150 Hegenberger Capital LLC's ("150 Hegenberger") motion to amend the case schedule pursuant to Federal Rule of Civil Procedure 16(b) and for leave to file a third-party complaint pursuant to Rule 14(a)(1). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 9, 2026 is VACATED. *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **DENIES** the motion for the following reasons.

## I.      BACKGROUND

The Court assumes familiarity with the facts of the case. The following chronology shapes the analysis that follows.

- The Court issued a case management schedule on May 30, 2025. Dkt. No. 35. The Court set a deadline of August 15, 2025, for the parties to add parties or amend the pleadings, and it set a deadline of April 1, 2026, to file any dispositive motions. *Id.*

- No party filed a motion to amend prior to August 15, 2025.

- On February 23, 2026, Defendant 150 Hegenberger deposed Plaintiff P.S. and learned about certain conduct by Barrera Private Security, its onsite security contractor, that may give rise to liability for that third party.  *See* Lam Decl. (Dkt. No. 49) ¶ 6.

- No party filed a dispositive motion by April 1, 2026.

- The Court issued a pretrial order on May 4, 2026.  Dkt. No. 45.  Pursuant to the pretrial order, certain of the parties' pretrial submissions are due to the Court by July 31, 2026, and the pretrial conference is set for August 20, 2026.  *Id.*

- Defendant 150 Hegenberger filed the instant motion to add Barrera Private Security as a party to the lawsuit on June 11, 2026.  Dkt. No. 48.

## II.    DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) requires "good cause" and "the judge's consent" to modify a scheduling order.  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' "  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Mammoth Recreations*, 975 F.2d at 609).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Mammoth Recreations*, 975 F.2d at 609 (citation omitted).  If the moving party fails to show diligence, " 'the inquiry should end.' "  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Mammoth Recreations*, 975 F.2d at 609).

Here, 150 Hegenberger seeks leave to add a third party to the lawsuit nearly a year after the deadline to amend.  Dkt. No. 48.  Amendment to add a purported necessary party under Rule 14 accordingly must comport with Rule 16, and 150 Hegenberger must demonstrate good cause in support of amendment.  The record reveals a lack of good cause, however, due to a lack of diligence on 150 Hegenberger's part.  Indeed, 150 Hegenberger knew of its own security contractor, with which it had a contractual relationship since at least January 2023, well before its June 2026 motion to bring the security company into this case.  *See* Dkt. No. 49 at 15-22 (security

United States District Court
Northern District of California

guard services agreement).  Even if 150 Hegenberger did not understand the role of Barrera Private Security in this case until the deposition of Plaintiff in February 2026, a delay of over four months before seeking leave to add the contractor to the litigation, after the discovery cutoff and after the deadline to file dispositive motions, does not demonstrate diligence on the part of Defendant.  *Cf. Mammoth Recreations*, 975 F.2d at 609.  Therefore, in the absence of diligence, 150 Hegenberger fails to establish good cause in support of amending the case schedule.

**III.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** 150 Hegenberger's motion to amend the case schedule and to file a third-party complaint.  The deadlines in the pretrial order, Dkt. No. 45, remain in effect.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

3